**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

|   |   |   |
|---|---|---|
| AMSCOT CORPORATION, | : | |
| a Florida Corporation, | : | Case No.: |
|  | : | |
|  | : | |
| v. | : | |
|  | : | |
| EDEBITPAY, LLC | : | |
| a Nevada LLC | : | |
|  | : | |
| _____ | : | |

**COMPLAINT**
**PRELIMINARY INJUNCTIVE RELIEF SOUGHT**
**AND DEMAND FOR JURY TRIAL**

Plaintiff AMSCOT CORPORATION brings this action against EDEBITPAY, LLC  and alleges as follows.

## I.  NATURE OF ACTION

1.      This is an action against EDEBITPAY for:

a)  Trademark Infringement under 15 U.S.C. § 1114;

b)  Cybersquatting under 15 U.S.C. § 1125(d);

c)  Unfair Competition under 15 U.S.C. § 1125(a)(1)(A);

d)  Florida Trademark Infringement under Fla. Stat. § 495.131;

e)  Common Law Unfair Competition.

## II. JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 1367.

3.      This Court has personal jurisdiction over the Defendant because at least some of the allegedly-infringing conduct occurred in Florida.

4.      Venue in this district is proper under 28 U.S.C. § 1391.

## II. PARTIES

5.      Amscot Corporation is a Florida Corporation with a principal place of business at 600 N. Westshore Blvd., 12th Floor, Tampa, Florida 33609, which is in Hillsborough County.

6.      EDEBITPAY is a Nevada Limited Liability Company which has a business address of 15165 Ventura Boulevard, Suite 200, Sherman Oaks, California 91403.

## III. COMMON FACTUAL ALLEGATIONS

## A. AMSCOT CORPORATION

7.      For over twenty years, Amscot has been a leading provider of various financial services to consumers throughout central Florida.

8.      Over the past two decades, Amscot has experienced phenomenal growth. Amscot now has approximately 174 locations and employs approximately 2,000 individuals.

9.      Amscot's services include, *inter alia*, prepaid debit cards, check cashing services, cash advance services, bill payment services, money transfer services and money orders.

10.     Amscot is the owner of federal service mark Registration 2,889,003 for "AMSCOT" in International Class 035 for "Tax Preparation Services" and International Class 036 for "financial services for others, namely, check cashing, deferred deposit

transaction and money order services," claiming a date of first use anywhere of June 30, 1989 and first interstate use of June 30, 1989 (hereinafter the "Amscot Mark.") See Exhibit A, Reg. No. 2,889,003.

11.    The Amscot Mark is a distinctive mark that has been in continuous use for over twenty (20) years.

12.    Amscot is also the owner of the Florida State Trademark Registration No. T02000000078 for AMSCOT for use in conjunction with "financial services for others, including check cashing, deferred deposit transaction, tax preparation services, money order services." See Exhibit B, Reg. No. T02000000078.

13.    The Amscot Mark is one of the most important corporate assets of Amscot.  As such, Amscot has developed rigorous guidelines governing the use of the Amscot Mark to ensure that the mark is used properly and consistently.  See Exhibit C, Style Guidelines for Amscot Mark

14.    Due to the proper and consistent use of the Amscot Mark, and a multi-million dollar advertising campaign, the Amscot Mark has become a strong source-identifier of Amscot's financial services.

15.    As a result of the foregoing, consumers throughout the State of Florida have come to associate the Amscot Mark with both Amscot and its financial services.

## B. DEFENDANT'S INFRINGING ACTIVITY

16.    On information and belief, well after Amscot's dates of first use, Defendant registered the domain name amscottdirect.com (the "Infringing Domain").

17.     Thereafter, on information and belief, Defendant published a website titled "AmScott Direct_ Up to $1,500 in Cash Today!" (the "Infringing Website") at the amscottdirect.com domain.  See Exhibit D, Print Out from Amscottdirect.com.

18.     On information and belief, Defendant then emailed individuals, including individuals in this district, encouraging those individuals to visit the Infringing Website. A copy of the email (referred to below as the "Infringing Email") is attached hereto as Exhibit E.  The subject line of the Infringing Email was "Go to AmscottDirect.com and enter in Approval Code: CA131030."

19.     Amscot learned of the Infringing Domain, Infringing Website, and Infringing Email when one of Amscot's customers entered an Amscot store and asked about the Infringing Email, believing the Infringing Email originated from Amscot.

20.     The Infringing Domain is not authorized by Amscot.

21.     The Infringing Website is not authorized by Amscot.

22.     The Infringing Email is not authorized by Amscot.

23.     The Infringing Domain, Infringing Website, and Infringing Email are likely to cause confusion, to cause mistake, or to deceive customers and potential customers, and in fact, such confusion has occurred.

24.     The Infringing Domain, Infringing Website, and Infringing Email are likely to dilute the distinctive quality of the Amscot Mark.

## COUNT I
## Federal Trademark Infringement under 15 U.S.C. § 1114

25.     Amscot repeats and realleges the allegations set forth in Paragraphs 1 through 24 above as if fully set forth below.

26.     The Amscot Mark is incontestable.

27.     Defendant's acts, as described above, are likely to cause confusion or mistake, or to cause mistake, or to deceive, customers as to the affiliation, connection, or association of Defendant with Amscot or as to the origin, sponsorship or approval of Defendant's services.

28.     The infringing conduct of the Defendant has caused, and likely will continue to cause, both irreparable harm and monetary damages to Amscot.  Unless this Court restrains Defendant from further infringing conduct, Amscot will continue to suffer irreparable harm, for which it has no adequate remedy at law.

## COUNT II
## Cybersquatting under 15 U.S.C. § 1125(d)

29.     Amscot repeats and realleges the allegations set forth in Paragraphs 1 through 24 above as if fully set forth below.

30.     Amscot is the owner of the Amscot Mark.

31.     The Amscot Mark is distinctive and famous, and was distinctive and famous before the registration of the Infringing Domain.

32.     Defendant registered, trafficked in, or uses the Infringing Domain, which is identical, confusingly similar and/or dilutive of the Amscot Mark.   Indeed, the Infringing Domain includes the Amscot Mark, verbatim, in its entirety.

33.      Defendant's use of the Infringing Domain has, upon information and belief, at all times been an intentional and willful attempt to profit, in bad faith, from the Amscot Mark.

      a)   Defendant owns no trademark or other intellectual property rights in or registrations for "amscot," or any mark similar to it, in the

United States, or elsewhere, and were aware of Amscot's trademark rights.

b) The Infringing Domain does not consist of Defendant's legal name or a name that is otherwise commonly used to identify Defendant.

c) Defendant has never used the Infringing Domain with the authorization to register or used the Infringing Domain in connection with the bona fide offering of any goods or services.

d) Defendant has never made any bona fide noncommercial or fair use of the Amscot Mark, on sites accessible under the Infringing Domain, or otherwise.

e) Defendant has knowingly configured the Infringing Domain to divert potential customers from the online locations of Amscot, with the intent to create a likelihood of confusion as to source, sponsorship, affiliation, or endorsement of the Infringing Domain.

f) Defendant incorporated Amscot's Mark into the Infringing Domain in its entirety.

34.    Amscot is damaged by the registration and use of the Infringing Domain.

35.    As a direct and proximate result of such conduct, Amscot has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## COUNT III
### Federal Unfair Competition  under 15 U.S.C. § 1125(a)(1)(A)

36.    Amscot repeats and realleges the allegations set forth in Paragraphs 1 through 24 above as if fully set forth below.

37.    Defendant's acts, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant with Amscot, or as to the origin, sponsorship, or approval of Defendant's services or commercial activities by Amscot in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

38.    Defendant's acts of unfair competition, as described above, are deliberate and willful and undertaken with the intent to misappropriate the goodwill and reputation associated with the Amscot Mark.

39.    Defendant's acts of infringement have caused both irreparable harm and monetary damage to Amscot in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable harm, leaving Amscot with no adequate remedy at law.  By its foregoing acts, Defendant has deceived and confused members of the public, and it is likely to continue to do so unless restrained and enjoined by this Court.

**COUNT IV**
**Florida Trademark Infringement Under Fla. Stat. §495.131**

40.    Amscot repeats and realleges the allegations set forth in Paragraphs 1 through 24 above as if fully set forth below.

41.    Amscot adopted and continually used the Amscot Mark for its services within Florida as a means for establishing goodwill and reputation and to identify its services and to distinguish them from the services of others.

42.    Pursuant to Fla. Stat. §495.061, Amscot's Certificate of Registration for the Amscot Mark is prima facie evidence regarding the validity of the registration,

Amscot's ownership of the mark, and of Amscot's exclusive right to use the mark in this State on or in connection with the services identified in the certificate.

43.     In direct competition with Amscot, and in the same trade area, Defendant used a colorable imitation of the Amscot Mark in connection with an advertisement that is likely to cause confusion, to cause mistake, or to deceive.

44.     The infringing acts of Defendant, as alleged above, have been without the consent of Amscot.

45.     The acts of Defendant, as alleged above, have been done with the intent to deceive the public, for the purpose of misappropriating Amscot's valuable goodwill and proprietary interest in its mark.

46.     Amscot has suffered damage to its reputation and good will and is entitled to temporary and permanent injunctive relief and is likewise entitled to recover its direct and indirect economic damages and any other damages available pursuant to Fla. Stat. §495.141.

### COUNT V
### Common Law Unfair Competition

47.     Amscot repeats and realleges the allegations set forth in Paragraphs 1 through 24 above as if fully set forth below.

48.     Defendant's acts, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant with Amscot, or as to the origin, sponsorship, or approval of Defendant's services or commercial activities by Amscot.

49.     Defendant's acts of unfair competition, as described above, are deliberate and willful and undertaken with the intent to misappropriate the goodwill and reputation associated with the Amscot Mark.

50.     Defendant's acts of infringement have caused both irreparable harm and monetary damage to Amscot in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable harm, leaving Amscot with no adequate remedy at law.  By its foregoing acts, Defendant has deceived and confused members of the public, and it is likely to continue to do so unless restrained and enjoined by this Court.

**WHEREFORE**, Amscot demands that:

a)     EDEBITPAY and its agents, employees, servants, privies, successors and assigns, and all person acting in concert, participation or combination with EDEBITPAY, be temporarily, preliminarily, and permanently enjoined from all acts of trademark infringement, and unfair competition as alleged above;

b)     EDEBITPAY be required to transfer the Infringing Domain to Amscot;

c)     EDEBITPAY be required to pay Plaintiff damages in a sum to be determined at trial and to account for all gains, profits and advantages derived by Defendant;

d)     That Amscot be awarded reasonable attorneys' fees and the costs of this action; and

e)     That Amscot be awarded such other, further, and different relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Amscot demands trial by jury on all issues so triable.


Respectfully submitted,

Michael J. Colitz, III
Trial Counsel
Florida Bar No.: 0164348
Woodrow H. Pollack
Florida Bar No.: 26802
GrayRobinson, P.A.
201 N. Franklin St., Suite 2200
Tampa, FL 33602
Tel: (813) 273-5000
Fax: (813) 273-5145
michael.colitz@gray-robinson.com
woodrow.pollack@gray-robinson.com
Attorneys for Plaintiff